**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RICARDO ANTHONY DAVIS,**
        **Petitioner,**

**v.**
                                                          **CIVIL ACTION NO. 3:18-CV-76
(GROH)**

**JENNIFER SAAD, Warden,**
        **Respondent.**

## REPORT AND RECCOMENDATION

### I.    INTRODUCTION

On May 14, 2018, Petitioner filed this *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On May 15, 2018, the petition was struck from the record for failure to comply with the Local Rules of Prisoner Litigation Procedure.  ECF No. 8.  On June 6, 2018, Petitioner filed his complaint on the Court-approved form.  ECF No. 12.  On June 7, 2018, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted.  Accordingly, on that date an Order to Directing Respondent to File Answer, Motion or Other Responsive Pleading was entered. ECF No. 15.  On June 18, 2018, Petitioner paid the required $5.00 filing fee, and filed a memorandum of law in support of his petition.  ECF Nos. 19, 20.   On June 28, 2018, Respondent filed a Motion to Dismiss or, in the alternative, for Summary Judgment.  ECF No. 21.  On July 13, 2018, Petitioner filed a response in opposition.  ECF No. 22.  This matter is now pending before the undersigned for a Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    Conviction and Sentence

On June 7, 1985, Petitioner was convicted in the State of Maryland of assault with intent to disable which he committed on December 13, 1984.  ECF No. 21-2 at 14.  He was sentenced to eight years of incarceration, and was paroled January 19, 1990.  Id.  While he was on parole for assault with intent to disable, he was charged with premeditated first degree murder.  Id.  That charge and subsequent conviction as set forth below, led to Petitioner's parole being terminated unsatisfactorily by the Maryland Parole Board on April 21, 1993.  Id.

On April 21, 1992, Naomi Hamlet was found injured and unconscious in a chair in her home in the District of Columbia, and died of her injuries.  ECF No. 21-2 at 12.  The DC Medical Examiner's Office pronounced her death as caused by blunt force trauma to the head and extremities.  Id.  A police investigation revealed that Petitioner lived with the decedent, his grandmother, before her death and that she was trying to force him to leave her home because of his drug addiction and thefts from her.  Id.  On April 23, 1992, Petitioner was arrested for his grandmother's murder.  Id.  On or about September 16, 1993, Petitioner was convicted of premeditated first degree murder while armed, in the Superior Court of the District of Columba, case number F4398-92D.  ECF No. 21-2 at 2.  By the Judgment and Commitment Order entered on September 16, 1993, Petitioner was sentenced to twenty years to life imprisonment, with a mandatory minimum sentence of twenty years.  Id.

**B.      Release on Parole**

On September 20, 2011, the United States Parole Commission[1] ("USPC" or "the Commission") held a hearing in Petitioner's case, and by "Notice of Action" dated November 17, 2011, the Commission granted Petitioner parole, effective April 22, 2012, after the service of 240 months.  ECF No. 21-2 at 7.   Consistent with that notice of action, Petitioner was released on April 20, 2012.  ECF No. 21-2 at 8.

**C.      Revocation of Parole and Appeals Thereof**

On April 22, 2013, the Commission prepared a warrant application which was issued on April 23, 2013.  ECF No. 21-2 at 8, 10.  The warrant was sought because Petitioner was charged with several violations of law, including two counts of assault with a dangerous weapon, two counts of attempted murder and one count of fleeing from a law enforcement officer-escape.  Id.  The warrant asserts that on December 8, 2012, Petitioner and a co-defendant were standing in line as patrons in a restaurant, when:

> [The] co-defendant was punched from behind by a random individual (Victim 1).  In retaliation, the [Petitioner] produced a knife and stabbed (Victim 1) in the neck.   Victim 1 attempted to exit the restaurant with the assistance of his friend (Victim 2), when the [Petitioner] used the same knife to stab Victim 2 in the back of his head and neck. . . during the arrest [by Officer Roberts of the Charles County Maryland Sheriff's Office], Mr. Davis attempted to flee after being hand-cuffed.

---

[1]   Effective August 5, 1998, the United States Parole Commission assumed the jurisdiction and authority of the Board of Parole of the District of Columbia, including "jurisdiction to revoke parole and to modify the conditions of parole, with respect to felons."  D.C Code § 24-131(a).  See Public Law 105-33, Title XI, the "National Capital Revitalization and Self-Government Improvement Act of 1997".

ECF No. 21-2 at 9.   Petitioner was convicted in the Circuit Court of Charles County, Maryland of the lesser included offense of attempted voluntary manslaughter and sentenced to 10 years of incarceration, with all but 6 years suspended, to be followed by 5 years of probation.   Petitioner was also convicted of escape and sentenced to 3 years of imprisonment, which sentence was to run concurrently with his 10 year sentence.   Id. at 13.   The Commission's warrant was initially lodged as a detainer, and later executed on November 28, 2016.   Id.

A probable cause hearing was held on November 29, 2016, where the examiner found probable cause on the conviction for attempted voluntary manslaughter.   Id. at 13.   A District of Columbia Institutional Revocation Prehearing Assessment, determined that the re-parole guidelines for Petitioner would be a range of 64 to 92 months of imprisonment.   Id. at 15.   By memorandum dated March 14, 2017, the case operations administrator for the Commission documented Petitioner's case consideration by the USPC.   Id. at 18.   The memorandum confirmed the calculation of the guidelines as 64 – 92 months based on Petitioner's conviction for attempted voluntary manslaughter, however, the case operations administrator recommended an above guidelines decisions of 144 months of imprisonment.   Id.   The Case operations administrator explained the reasons for his recommendations as follows:

> You are a more serious risk than your Salient Factor Score
> because of your multiple convictions for violent offenses.
> When you committed the base offense of first degree murder
> in 1992, you had already been convicted of assault with the
> intent to maim.  After serving 20 years of the life sentence for
> murder, you committed another violent offense within a year
> [of release] as evidenced by your new conviction for
> attempted manslaughter.  Your history of committing violent
> felonies is not adequately captured by your guidelines and

4

> the Commission finds that you are a high risk to commit
> additional violent crimes.

Id.

A parole revocation hearing was conducted by the USPC on March 7, 2017. ECF No. 21-2 at 19. By Notice of Action dated March 29, 2017, the Commission found that Petitioner violated the conditions of his release on parole by committing second degree escape and attempted voluntary manslaughter. Id. As a result, the Commission revoked Petitioner's parole. Id.

The Commission based its decision on Petitioner's admission to the Hearing Examiner and his conviction in the Circuit Court of Charles County, Maryland. Id. As part of its determination, the Commission found Petitioner's "parole violation behavior [ ] rated as criminal conduct of Category Seven severity" and that his salient factor score[2] was 6. Id. at 20. "After a review of all relevant factors and information," the Commission adopted the above-guidelines recommendation of 144 months[3] of service for these violations of parole. Id. The notice of action advised that the decision was appealable. Id.

On August 7, 2017, Petitioner filed an administrative appeal with the Commission's National Appeals Board, claiming that a decision outside the guidelines was not supported by the reasons or facts stated in the Notice of Action and that there were especially mitigating circumstances in his case which justified a different decision. Id. at 22 – 23. Petitioner argued that the Commission failed to consider his perfect disciplinary record while incarcerated, or "the fact that his attempted-voluntary-

---

[2] The Salient Factor Score system is explained in an attachment to the Notice of Action. ECF No. 21-2 at 21.

[3] This term was 52 months more than the guidelines recommendation of 64 – 92 months.

manslaughter conviction was based on a finding that he acted in imperfect self-defense." Id. at 26. Further, Petitioner claimed that certain acts on his criminal history were "double-counted" to justify a longer period of incarceration. ECF No. 21-2 at 26. On September 21, 2017, the Commission issued a Notice of Action on Appeal which affirmed the previous decision, and found no merit to Petitioner's claims. Id. at 75. The Commission gave three reasons to support its decision, all of which were listed in the March 29, 2017, Notice of Action: (1) Petitioner posed a more serious risk than his salient factor score based on multiple convictions for violent offenses; (2) the instant offense was committed within one year of being released on parole; and (3) Petitioner's risk of committing violent felonies was not adequately captured by the guidelines. Id. The Notice of Action on Appeal states that "[a]ll decisions by the National Appeals Board on appeal are final." Id.

### D.    Instant 2241 Petition

In his petition for relief under § 2241, Petitioner raises a single ground for relief: that the United States Parole Commission abused its discretionary power when it imposed a sentence of re-incarceration of 144 months which exceeded its own guidelines sentence of 62 – 94 months. ECF No. 1 at 5. Petitioner asks this Court to enter an order which requires the Commission to impose the 62 – 94 month term, and grant him a parole date in August 2020. Id. at 8. In his June 18, 2018, memorandum of law, Petitioner argues that the Commission impermissibly "double counted" his past criminal conduct to increase his criminal severity rating, in order to justify an above guidelines sentence. ECF No. 20 at 8 – 9.

Respondent filed a motion to dismiss, or in the alternative, for summary judgment, and memorandum of law in support thereof. ECF Nos. 21, 21-1. Respondent argues that the Commission did not exceed its discretion in imposing the above-guidelines sentence, and that there was evidence to support the Commission's finding that Petitioner violated his parole. ECF No. 21-1 at 5. Respondent contends that the Commission did not "double count" by using Petitioner's past criminal history to establish his salient factor score, and by using that same past criminal history to support an outside the guidelines decision. ECF No. 21-1 at 5 – 6.

Petitioner filed a reply, styled "Motion to Traverse Government's Motion to Dismiss Petitioner's Petition and/or Summary Judgment" on July 13, 2018. ECF No. 22. Therein, Petitioner refers to 18 U.S.C. § 4206[4] as authority for his arguments.

## III.    STANDARD OF REVIEW

### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

### B.    Pro Se Litigants.

---

[4] Although this statute has been repealed, via numerous amendments, its effective date has been extended. By the most recent amendment, it remains in effect for thirty-one years after November 1, 1987, or until October 31, 2018. Pub. L. 113-47 § 2, Oct. 31, 2013, 127 Stat. 572.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true

9

a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan  Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion  to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### D.    Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

10

In <u>Celotex</u>, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." <u>Anderson</u>, <u>supra</u>, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Id.</u> at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id.</u> "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. <u>Anderson</u>, <u>supra</u>, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita</u>, <u>supra</u>, at 587.

11

"Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968).  See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.  Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.   ANALYSIS

Petitioner argues that the Commission abused its discretion in imposing an above-guidelines sentence of incarceration following his parole revocation.   The Commission has authority to grant or deny release on parole pursuant to 18 U.S.C. § 4206(c), which provides that, "notwithstanding the guidelines. . . if it determines there is good cause for so doing: *Provided,* That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon."  Moreover, the guidelines for D.C. Code offenders, codified at 28 C.F.R. § 2.80 provides, in part, that:

> (b) Guidelines. In determining whether an eligible prisoner should be paroled, the Commission shall apply the guidelines set forth in this section. The guidelines assign numerical values to pre- and post-incarceration factors. Decisions outside the guidelines may be made, where warranted, pursuant to paragraph (n) of this section.
>
> (c) Salient factor score and criminal record. The prisoner's Salient Factor Score shall be determined by reference to the Salient Factor Scoring Manual in § 2.20. The Salient Factor

12

Score is used to assist the Commission in assessing the probability that an offender will live and remain at liberty without violating the law. The prisoner's record of criminal conduct (including the nature and circumstances of the current offense) shall be used to assist the Commission in determining the probable seriousness of the recidivism that is predicted by the Salient Factor Score.

Pursuant to subsection (n) of 28 C.F.R. § 2.80, decisions outside the guidelines are permissible:

(n) Decisions outside the guidelines.
(1) The Commission may, in unusual circumstances, grant or deny parole to a prisoner notwithstanding the guidelines. Unusual circumstances are case-specific factors that are not fully taken into account in the guidelines, and that are relevant to the grant or denial of parole. In such cases, the Commission shall specify in the notice of action the specific factors that it relied on in departing from the applicable guideline or guideline range. If the prisoner is deemed to be a poorer or more serious risk than the guidelines indicate, the Commission shall determine what Base Point Score would more appropriately fit the prisoner's case, and shall render its initial and rehearing decisions as if the prisoner had that higher Base Point Score. It is to be noted that, in some cases, an extreme level of risk presented by the prisoner may make it inappropriate for the Commission to contemplate a parole at any hearing without a significant change in the prisoner's circumstances.
(2) Factors that may warrant a decision above the guidelines include, but are not limited to, the following:

. . . .

(ii) More serious parole risk. The offender is a more serious parole risk than indicated by the total point score because of—
(A) Prior record of violence more extensive or serious than that taken into account in the guidelines. . . .

In its decision to go outside the guidelines, the Commission's case operations administrator reasoned that Petitioner is "a more serious risk than [his] Salient Factor Score because of [his] multiple convictions for violent offenses," and that his "history of

committing violent felonies is not adequately captured by [his] guidelines."   ECF No. 21-2 at 18.   Accordingly, the Commission found that Petitioner was "a high risk to commit additional violent crimes."   Id.   The Notice of Action dated March 29, 2017, adopted the reasoning of the administrator and found that:

> After review of all relevant factors and information, a decision above the guidelines is warranted because you are a more serious risk than your Salient Factor Score because of your multiple conviction[s] for violent offenses. . . . Your history of committing violent felonies is not adequately captured by your guidelines and the Commission finds that you are a high risk to commit additional violent crimes.

Id. at 20.   The reasoning of the Commission to impose a sentence outside the guidelines complies with the requirements of 28 C.F.R. § 2.80(n)(2)(ii)(A).   When the Commission makes such a decision within its discretion, which comports with the regulations, the decision is not reviewable by the courts.

"[T]he parole act specifically commits the decision to grant or deny parole to the unreviewable discretion of the Parole Commission." Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981); see also United States Bd. of Parole v. Merhige, 487 F.2d 25, 29 (4th Cir. 1973) ("[I]t is not the function of the courts to review the discretion of the Board in the denial of application for parole or to review the credibility of reports and information received by the Board in making its determination."); Page v. Pearson, 261 F. Supp.2d 528, 530 (E.D. Va. 2003) ("Parole decisions are [ ] not subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act.")   Further, the Fourth Circuit has held that:

> Where the controlling statute indicates that particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but

14

> may not review agency action where the challenge is only to
> the decision itself.

Garcia, 660 F.2d at 988 (citing Ness Investment Corp. v. United States Department of Agriculture, 512 F.2d at 706, 715 (9th Cir. 1975).  Following the holding of Garcia, the Commission's parole determination is only reviewable if the commission 'exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations' when reaching its determination."   In the instant case, Petitioner has argued that the Commission has failed to follow its own regulations during his hearing, by imposing an above-guidelines sentence.  However, that argument ignores the provision of 28 C.F.R. § 2.80(n) which permits just such an outside the guidelines decision, and provides that the Commission may "in unusual circumstances, grant or deny parole to a prisoner notwithstanding the guidelines."   The regulation provides a process which the Commission must follow to impart such an outside the guidelines decision.

Petitioner argues that his prior criminal history was "double-counted", thereby constituting an abuse of discretion.  Double counting has long been recognized by the courts as impermissible.  "The Parole Commission [ ] cannot use aggravating factors to continue a prisoner beyond the guidelines when such factors were used initially to place the prisoner in a particular severity category. Such a practice is known as "double-counting" and constitutes an abuse of discretion."  Romano v. Baer, 805 F.2d 268, 271 (7th Cir. 1986).   The Court in Romano explained that:

> to determine whether double-counting has occurred, the
> crucial comparison is between the factors used to place a
> defendant in a severity category and the factors used to
> continue a prisoner beyond the guidelines-a comparison
> between the elements of the offense for which a prisoner
> was convicted and the aggravating factors is simply not
> relevant to a determination of whether double-counting has

occurred. Thus, if the Parole Commission failed to take note of a particular element of the conviction in determining a severity category, it would not abuse its discretion by considering that element as an aggravating factor.

805 F.2d at 271.

Petitioner's Salient Factor Score was calculated at 6, comprised of: 1 point for (A) two or three prior convictions; 1 point for (B) one or two prior commitments of more than thirty days; 3 points for (C) age of 26 or older at commencement of the current offense or prior commitment of more than 30 days; and 1 point for (F) being an offender older than 41 years at the time of the commencement of the current offense.  ECF No. 21-2 at 21.  Thus it was Petitioner's age and repeated prior offenses which constituted the reasoning behind Petitioner's Salient Factor Score rating.  However, Petitioner's criminal conduct was rated as Category Seven severity because it involved a conviction for attempted voluntary manslaughter.  Id. at 20.  Thus, it was the severity of the offense which constituted the reasoning behind Petitioner's criminal conduct rating.  The Commission did not "double count" factors used to place Petitioner in a severity category and use those same factors to continue a prisoner beyond the guidelines. Therefore, because the Commission did not double count the same factors in its determination of Salient Factor Score or criminal conduct Category severity level, it did not abuse its discretion.

The United States Parole Commission in using the appropriately calculated Salient Factor Score and criminal conduct Category severity level, permissibly imposed an outside of guidelines sentence.  Because the Commission imposed a sentence which was outside of the guidelines, but in compliance with the governing statutes and regulations, the Commission did not abuse its discretion in imposing that sentence.

16

Accordingly, this Court is without the authority to engage in judicial review of the Commission's substantive decision.  Further, because there appears to be no genuine dispute as to any material fact presented, it appears that the Respondent is entitled to judgment as a matter of law.

## V.    RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 12] be **DENIED** and that the Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [EDF No. 21] be **GRANTED**.   This Court further **RECOMMENDS** that this § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright

v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:          October 17, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE