**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RICARDO ANTHONY DAVIS,**

    Petitioner,

**v.**                                    **CIVIL ACTION NO.: 3:18-CV-76
(GROH)**

**JENNIFER SAAD, Warden,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 26] on October 17, 2018. Therein, Magistrate Judge Trumble recommends that the Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment [ECF No. 21] be granted and that the Petitioner's § 2241 petition [ECF No. 12] be dismissed with prejudice.

**I. Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140,

150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner by certified mail on October 17, 2018. ECF No. 26. The Petitioner accepted service on October 23, 2018. ECF No. 27. The Petitioner filed objections on November 2, 2018. ECF No. 28. Accordingly, this Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

In the instant proceeding, the Petitioner alleges that the United States Parole Commission ("the Commission") abused its discretionary power when the Commission sentenced him to 144 months, exceeding the guideline range of 64 – 92 months by 52 months. ECF No. 12. In his objections, the Petitioner argues that the Commission did not consider the mitigating factors in his case when sentencing him to an above-guideline sentence. ECF No. 28 at 3. Further, the Petitioner argues that the Commission cited to unfair and impermissible reasons for departing from the guidelines. ECF No. 28 at 4.

## III. Applicable Law

Under the Parole Act, substantive parole determinations are committed "to the absolute discretion of the Commission." Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981). However, the Court may review the Commission's decision when "the

2

Commission acted completely outside the scope of the discretion given it by Congress."
Id. at 989.

The Commission's authority to act is codified in 18 U.S.C. § 4201 et. seq. Pursuant to 18 U.S.C. § 4206(c), the Commission has the authority to grant or deny release on parole "notwithstanding the guidelines . . . if it determines there is good cause for so doing: *Provided,* That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon."

Furthermore, the guidelines for D.C. Code offenders, codified at 28 C.F.R. § 2.80 provides, in part, that:

> (b) Guidelines. In determining whether an eligible prisoner should be paroled, the Commission shall apply the guidelines set forth in this section. The guidelines assign numerical values to pre- and post-incarceration factors. Decisions outside the guidelines may be made, where warranted, pursuant to paragraph (n) of this section.
>
> (c) Salient factor score and criminal record. The prisoner's Salient Factor Score shall be determined by reference to the Salient Factor Scoring Manual in § 2.20. The Salient Factor Score is used to assist the Commission in assessing the probability that an offender will live and remain at liberty without violating the law. The prisoner's record of criminal conduct (including the nature and circumstances of the current offense) shall be used to assist the Commission in determining the probable seriousness of the recidivism that is predicted by the Salient Factor Score.

Pursuant to subsection (n) of 28 C.F.R. § 2.80, decisions outside the guidelines are permissible:

> (1) The Commission may, in unusual circumstances, grant or deny parole to a prisoner notwithstanding the guidelines. Unusual circumstances are case-specific factors that are not fully taken into account in the guidelines, and that are relevant to the grant or denial of parole. In such cases, the Commission shall specify in the notice of action the specific factors that it relied on in departing from the applicable guideline or guideline range. If the

3

prisoner is deemed to be a poorer or more serious risk than the guidelines indicate, the Commission shall determine what Base Point Score would more appropriately fit the prisoner's case, and shall render its initial and rehearing decisions as if the prisoner had that higher Base Point Score. It is to be noted that, in some cases, an extreme level of risk presented by the prisoner may make it inappropriate for the Commission to contemplate a parole at any hearing without a significant change in the prisoner's circumstances.

(2) Factors that may warrant a decision above the guidelines include, but are not limited to, the following:

. . .

(ii) More serious parole risk. The offender is a more serious parole risk than indicated by the total point score because of—

(A) Prior record of violence more extensive or serious than that taken into account in the guidelines. . . .

## IV. Discussion

Here, the Commission acted within the scope of its authority when it sentenced the Petitioner to an above-guideline term of imprisonment. The Commission provided a written statement detailing the reasons for its decision. Specifically, the Commission stated that it departed from the guidelines "because of [the Petitioner's] multiple conviction[s] for violent offenses. . . . [The Petitioner's] history of committing violent felonies is not adequately captured by [his] guidelines and the Commission finds that [the Petitioner is at] high risk to commit additional violent crimes." ECF No. 21-2 at 20. Under the guidelines for D.C. Code offenders, a prior record of violence is a permissible reason for departing from the guidelines. See 28 C.F.R. § 2.80(n). Accordingly, this Court is without authority to review the Commission's decision.

## V. Conclusion

Accordingly, upon careful review, the Petitioner's objections are **OVERRULED**

4

and Magistrate Judge Trumble's Report and Recommendation [ECF No. 26] is **ORDERED ADOPTED**. The Respondent's Motion to Dismiss, or, in the alternative, for Summary Judgment [ECF No. 21] is **GRANTED**, and the Petitioner's § 2241 Petition [ECF No. 12] is **DISMISSED WITH PREJUDICE.**

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** November 7, 2018

*/s/ Gina M. Groh*
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE